UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE CHESTER #314909,

    Plaintiff,                       Civil Action No. 04-74049

v.                                 District Judge Avern Cohn
                                   Magistrate Judge R. Steven Whalen
INDIRIA SHAWNEY,
JANET EPP, MARY E. HYNES,
THERON ATKINSON, GEORGE PRAMSTALLER,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is the motion of Defendants Theron Atkinson, George Pramstaller, and Janet Epp to dismiss under Fed.R.Civ.P. 12(b) and 42 U.S.C. §1997e (docket number 16) which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).[1] For the reasons set forth below, I recommend granting Defendants' motion, dismissing WITHOUT PREJUDICE.[2]

**I. FACTUAL BACKGROUND**

Plaintiff, a prisoner within the Michigan Department of Corrections (MDOC), filed

---

[1] As of the completion of this report, Plaintiff had not served Defendant Mary E. Hynes, a healthcare unit manager. *See* Docket number 11.

[2] This Court also recommended in a separate Report and Recommendation that claims against Defendant Shawney be dismissed without prejudice.

-1-

suit against Defendants on October 18, 2004. She alleges that Defendants violated her Eighth and Fourteenth Amendment rights by withholding appropriate medical care for her stomach pains, as well as physical and mental abuse. *Complaint* at IIIc ¶¶ 1-10. She alleges that Defendant Atkinson, grievance coordinator acted negligently, returning her paperwork in an "untimely fashion" or did not bother to return it at all. *Complaint* at IIIe. She states that Defendant Pramstaller, Chief Medical Officer failed to acknowledge her mail or in any other way address her health concerns. *Id.* at IIIf. She claims that Defendant Epp, Health Care administrator also failed to acknowledge her complaints. *Id.* at IIId. Pursuant to 42 U.S.C. §1983, Plaintiff seeks monetary relief. *Id.* at IVa.

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C.A. § 1997e (a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

## III. ANALYSIS

Defendants premise their motion for dismissal on Plaintiff's failure to abide by the exhaustion of remedies requirements of 42 U.S.C. §1997e. Defendants contend that Plaintiff has not demonstrated that she completed Step III of either grievance. *Motion to Dismiss* at 4. Further, attached to Defendants Atkinson, Pramstaller and Epp's motion is an affidavit by James Armstrong, Manger of the Prisoner Affairs Section of the MDOC, stating that, "I have searched the records where Step III grievance appeals are processed

and maintained. Plaintiff Christine Chester #314909 has not filed a Step III grievance with respect to any claim raised in this case." Docket no. 11, Exhibit at ¶¶ 9-10.

The inclusion of unexhausted claims mandates a dismissal of the entire complaint. *See Freeman v. Francis,* 196 F.3d 641, 643-44 (6th Cir. 1999). (A failure to exhaust requires the dismissal of the unexhausted claims, even if those claims are otherwise properly stated.)

Recently, the Sixth Circuit held in *Jones-Bey v. Johnson,* 407 F.3d 801, 807 (6th Cir. April 27, 2005):

> "We adopt the total exhaustion rule, in large part, because the plain language of the statute dictates such a result. Section 1997e(a) states that no 'action' shall be brought in federal court until administrative remedies have been exhausted. However, in subsection (c), the statute allows district courts to dismiss frivolous "actions" *or* 'claims.' 42 U.S.C. § 1997e(c)(1) & (2). Congress's use of the word 'claims' in subsection (c)(2) indicates that 'claims' are individual allegations and 'actions' are entire lawsuits."

Hence, unless a prisoner demonstrates that he has exhausted his administrative remedies with respect to each of his claims, the court must dismiss the complaint. Further, a prisoner must specifically name all individuals in the grievance, giving notice to prison officials of problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott,* 249 F.3d 493, 505 (6th Cir.2001). In *Freeman, supra* 196 F.3d at 644 reasoned that "the importance of using the prison grievance process [is] to alert prison officials to problems." In addition, exhaustion under § 1997a requires an inmate to complete all levels of the administrative review process before filing an action in federal court. *Id.* at 645. A prisoner "cannot abandon the process before completion and claim that

he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). Conversely, an inmate has not properly exhausted a claim against a prison official "if the first allegation of mistreatment or misconduct on the part of that official is made at Step II or Step III of the grievance process...." *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003).

Plaintiff failed in several respects to exhaust her administrative remedies. First, Plaintiff has not demonstrated that she completed Step III of either grievance. Although this Court notes that in *Boyd v. Corrections Corporation of America* 380 F.3d 989, 996 (6th Cir. 2004), the court found that "[a]dministrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance," such a finding has no application to the present case. Aside from a remark Plaintiff made at the bottom of a Step II response, she has failed to submit any proof that she actually mailed her appeal. *Defendant's First Response to Defendant Shawney's Motion to Dismiss* at Exhibit G.[3] Before making a determination that the MDOC "failed to make a timely response," Plaintiff must demonstrate that she actually submitted her Step III appeal. Also, Plaintiff's failure to name Defendants Atkinson, Pramstaller, and Epp at Step I of either of her grievance attempts prevents the Court from considering whether this grievance could be construed in any manner that would satisfy Plaintiff's administrative prerequisites.

While in the past, this Court has been inclined to consider the merits of exhausted

---

[3]As of the date of this writing, Plaintiff's two responsive pleadings have not been docketed. Plaintiff evidently served Defendant Shawney with responses which are referenced in her reply briefs. A hard copy of the first response was found in this Court's file, but the second response was obtained through Defendant Shawney's counsel.

claims in actions presenting a mixture of exhausted and unexhausted issues, in light of the Sixth Circuit's recent embrace of the "total exhaustion" rule, performing such an analysis would be futile - even if Plaintiff had completed the administrative prerequisites for bringing suit against Defendants. The present recommendation comports with the *Jones-Bey* holding which seeks, among other things to "deter prisoners from bringing additional, piecemeal litigation." *Id.* 407 F.3d at 808.

## CONCLUSION

I recommend, for the reasons stated above, that this case be DISMISSED WITHOUT PREJUDICE, pursuant to 42 U.S.C. §1997e.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty

(20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated:  July 13, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 13, 2005.

s/G. Wilson<br>
Judicial Assistant