UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE CHESTER  #314909,

      Plaintiff,                                 Civil Action No. 04-74049

v.                                          District Judge Avern Cohn
                                                  Magistrate Judge R. Steven Whalen

INDIRIA SHAWNEY, et al.,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Shawney's motion to dismiss and amended motion to dismiss under Fed.R.Civ.P. 12(b)(6) and 42 U.S.C. §1997e (docket numbers 5, 21) which have been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend granting Defendant's motion, dismissing WITHOUT PREJUDICE.

**I. FACTUAL BACKGROUND**

Plaintiff, a prisoner within the Michigan Department of Corrections (MDOC), filed suit against Defendant Shawney on October 18, 2004. She alleges that Defendant acted with "deliberate indifference, reckless disregard, and discriminative actions," by withholding appropriate medical care for her stomach pains, as well as physical and mental abuse. *Complaint* at IIIc ¶¶ 1-10. Pursuant to 42 U.S.C. §1983, Plaintiff seeks monetary relief. *Id.* at IVa.

## II.  STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Insurance Co. v. California*, 509 U.S. 764, 811, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Pursuant to 42 U.S.C.A. § 1997e (a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

## III.  ANALYSIS

Defendant premises her motion for dismissal on Plaintiff's failure to state eighth and fourteenth amendment violations upon which relief can be granted and her " failure to abide by the exhaustion of remedies requirements of 42 U.S.C. §1997e." *Motion to Dismiss* at 4. Defendant contends that although Plaintiff provided grievance material along with her response to the dismissal motion indicating that she completed Step II of Grievance No. SCF-02-10-2230-121(October 16, 2002) and SCF-03-09-1769-123 (September 3, 2003) she has

not demonstrated that she completed Step III of either grievance. *Reply* at 2 [Docket no. 24]; *citing Plaintiff's Response,* at Exhibits A, F,G, H.  Further, Defendant notes that  Grievance No. SCF-02-10-2230-121 failed to name Defendant Shawney . *Id.*

The inclusion of unexhausted claims mandates a dismissal of the entire complaint. *See Freeman v. Francis,* 196 F.3d 641, 643-44 (6th Cir. 1999) (A failure to exhaust requires the dismissal of the unexhausted claims, even if those claims are otherwise properly stated).

Courts in this District have applied §1997e(a) with varying degrees of stringency in the past.  *Compare* Judge Roberts' decision in *Hackett v. CMS, et.al.* (No. 02-74462, 9-25-03)(total exhaustion as to all defendants not required),[1] with Judge Zatkoff's decision in *Thompson v. Overton* (No. 03-70234)(total exhaustion required).  However, in April, 2005, the Sixth Circuit adopted a "bright line" total exhaustion rule requiring dismissal of a complaint where the plaintiff has demonstrated exhaustion with respect to some but not all of his/her claims.  In *Jones-Bey v. Johnson,* 407 F.3d 801, 807 (6th Cir. 2005) the court held:

> "We adopt the total exhaustion rule, in large part, because the plain language of the statute dictates such a result. Section 1997e(a) states that no 'action' shall be brought in federal court until administrative remedies have been exhausted. However, in subsection (c), the statute allows district courts to dismiss frivolous "actions" *or* 'claims.' 42 U.S.C. § 1997e(c)(1) & (2). Congress's use of the word 'claims' in subsection (c)(2) indicates that 'claims' are individual allegations and 'actions' are entire lawsuits."

Hence, unless a prisoner demonstrates that he has exhausted his administrative remedies with respect to each of his claims, the court must dismiss the complaint.  Further,

---

[1] In rejecting total exhaustion in *Hackett*, Judge Roberts accepted the conclusions of my Report and Recommendation in that case.

a prisoner must specifically name all individuals in the grievance, giving notice to prison officials of problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott,* 249 F.3d 493, 505 (6th Cir.2001). In *Freeman, supra* 196 F.3d at 644 reasoned that "the importance of using the prison grievance process [is] to alert prison officials to problems." In addition, exhaustion under § 1997a requires an inmate to complete all levels of the administrative review process before filing an action in federal court. *Id.* at 645. A prisoner "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). Conversely, an inmate has not properly exhausted a claim against a prison official "if the first allegation of mistreatment or misconduct on the part of that official is made at Step II or Step III of the grievance process...." *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003).

Plaintiff failed in several respects to exhaust her administrative remedies. First, Plaintiff has not demonstrated that she completed Step III of either grievance. As Defendant points out, Plaintiff provided material indicating that she completed Step II of Grievance no. SCF-03-09-1769-123 which names Defendant Shawney, but submits no documentation to indicate that she made a Step III appeal.[2]

Although in *Boyd v. Corrections Corporation of America* 380 F.3d 989, 996 (6th Cir.

---

[2]Further Defendants Atkinson, Pramstaller and Epp's *Motion to Dismiss* includes an affidavit by James Armstrong, Manager of the Prisoner Affairs Section of the MDOC, stating that "I have searched the records where Step III grievance appeals are processed and maintained. Plaintiff Christine Chester #314909 has not filed a Step III grievance with respect to any claim raised in this case." Docket no. 11, Exhibit at ¶¶ 9-10.

2004), the court found that "[a]dministrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance," such a finding is not applicable to the present case. Defendant points out that aside from one remark Plaintiff made at the bottom of a Step II response, she failed to submit any proof that she actually sent in her appeal. *Reply* at 2. Before making a determination that the MDOC "failed to make a timely response," Plaintiff must demonstrate that she actually submitted her Step III appeal.

Next, as noted by Defendant, Plaintiff did not name Defendant Shawney in Grievance No. SCF-02-10-2230-121. *Reply* at 2; *citing Plaintiff's Response* at Exhibit A. Plaintiff apparently submitted this grievance in an effort to establish her difficulty in obtaining grievance responses. However, for the reasons set forth in *Curry* and *Freeman, supra*, Plaintiff's failure to name Defendant Shawney at Step I of this grievance prevents the Court from considering whether this grievance could be construed in any manner that would satisfy Plaintiff's administrative prerequisites.

Likewise, the present suit must be dismissed on the basis that neither Step I form of the above grievances mentions any of the other Defendants named in this suit.[3] While in the past, this Court has been inclined to consider the merits of exhausted claims in actions presenting a mixture of exhausted and unexhausted issues, in light of the Sixth Circuit's recent embrace of the "total exhaustion" rule, performing such an analysis would be futile - even if Plaintiff had completed the administrative prerequisites for bringing suit against

---

[3] Neither Step I form names Shawney's co-defendants Janet Epp, Mary E. Hynes, Theron Atkinson, or George Pramstaller. See *Plaintiff's Response* at Exhibits A, F.

Defendant Shawney. The present recommendation comports with the *Jones-Bey* holding which seeks, among other things to "deter prisoners from bringing additional, piecemeal litigation." *Id.* 407 F.3d at 808.

Since Plaintiff's action must be dismissed for failure to exhaust her administrative remedies, the Court need not consider at this time Defendant's alternative argument that the complaint should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## **CONCLUSION**

I recommend, for the reasons stated above, that Defendant Shawney's Motion to Dismiss be GRANTED and the complaint DISMISSED WITHOUT PREJUDICE, pursuant to 42 U.S.C. §1997e.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: July 13, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 13, 2005.

s/G. Wilson<br>
Judicial Assistant